Gemma M. Harding, Dept. of Labor, Louisville, for the Special Fund.

William P. Swain, Larry L. Johnson, Boehl, Stopher, Graves & Deindoerfer, Louisville, for Peabody Coal Co.

Thomas E. Simpson, Wesley & Simpson, Morganfield, for Charles G. Paris.

Gerald V. Roberts, Director, Workers' Compensation Bd., Frankfort, for Workers' Compensation Bd.

---

John Calhoun WELLS, Commissioner of Labor and Custodian of the Special Fund, Successor to Eugene F. Land, Movant,

v.

Charles G. PARIS, Peabody Coal Company, and Workers' Compensation Board, Respondents.

PEABODY COAL COMPANY, Movant,

v.

Charles G. PARIS, Eugene F. Land, Commissioner of Labor and Custodian of the Special Fund, and Workers' Compensation Board, Respondents.

Supreme Court of Kentucky.

Nov. 2, 1982.

STERNBERG, Justice.

This opinion disposes of two cases which arise from a worker's compensation claim filed by Charles G. Paris. Paris had been a coal miner in the employ of Peabody Coal Company. On February 6, 1975, Paris resigned as the result of being totally disabled by the disease of coal worker's pneumoconiosis. On February 20, 1979, more than four years after he left work, Paris filed a claim for benefits due him because of this disease.

The Special Fund and Peabody Coal each raise the defense that the three-year statute of limitations provided by KRS 342.-316(3) applies to occupational disease claims. Paris responds that he was not given the required notice by his former employer of the running of the statute-of-limitations period (KRS 342.186). Paris contends that the three-year statute of limitations did not run against him by reason of his failure to receive the required notice. Both the Special Fund and Peabody Coal argue that KRS 342.186 does not apply to claims for the occupational disease of coal worker's pneumoconiosis and therefore Paris' claim should be dismissed for lack of timely filing. The Workers' Compensation Board found for Paris, holding that KRS 342.186 applied and that his claim was not barred. The decision of the Board was affirmed by the circuit court and the Court of Appeals. This court granted review on March 2, 1982.

Both Peabody Coal and the Special Fund seek this court's determination of whether KRS 342.186 applies to coal worker's pneumoconiosis disease claims. That statute was repealed by the legislature in 1980 and likely will not be before this court again. Limiting our decision to the facts of this case, we affirm the Court of Appeals.

At the time of Paris' injury and at the time of the filing of his claim on February 20, 1979, KRS 342.186 read as follows:

"Notifying employe of statute of limitations.—An employer shall notify any employe who has received an injury or illness of the statute of limitations applicable to the injury or illness, not later than thirty (30) days prior to the expiration date."

Peabody Coal never at any time notified its employee Paris that the three-year statute of limitations was applicable to his claim. The sole and only issue is whether former KRS 342.186 applied to occupational disease claims.

The Special Fund and Peabody Coal argue that because the word "disease" was not used in the statute, disease claims are not covered by its terms. They point out that in numerous instances throughout the Workers' Compensation Act the legislature has used the word "disease" only in those instances where a statute is to apply to disease claims and that the word "illness" applies only in those instances which deal with claims other than for occupational diseases. This argument can be disposed of by simple rules of statutory construction. KRS 446.080(4) dictates that statutes are to be construed liberally according to the common usage of the language. More specifically, KRS 342.004 mandates that the statute be liberally construed. The plain meaning of the phrase "injury or illness" includes "disease." We are not persuaded that the legislature intended to exclude "disease" claims from the notice requirement of former KRS 342.186 merely by its failure to specifically include the word "disease" in the text of the statute.

The Special Fund and Peabody Coal further argue that KRS 342.186 requires the impossible. It is conceivable that an employee might leave employment for any number of reasons having nothing to do with an occupational disease. If such a disease later became manifest, only the employee would know about it. The employer might never know which of its former employees had become affected with an occupational disease and could not give them notice that the statute of limitations applicable to their claims was about to run. We need not conduct an autopsy of former KRS 342.186. Peculiar to this case is the fact that on two occasions within seven months of the last day he worked, Paris told his employer that he had "black lung" and would not return to work. The finding of the Workers' Compensation Board that Peabody Coal had timely notice of Paris' disease is not challenged. Peabody Coal knew of the employee's condition practically as soon as the employee did. Under these facts, there was no reason for its failure to notify Paris of the applicable statute of limitations as the plain and mandatory language of former KRS 342.186 required.

The decision of the Court of Appeals is affirmed.

All concur except CLAYTON, J., who did not sit.